Deaderick, J.,
delivered the opinion of the court.
A scire facias issued from the Circuit Court of De Kalb County, to enforce the forfeiture of the $125 given by statute, Code, see. 3821, for a failure to attend said court as a witness.
Defendant pleaded, first, the illness of his wife, and the necessity of his attention to her, and that he could not prudently leave her; second, serious illness in his family.
The court charged the jury that if the defendant’s wife was so ill at the time as to need his attention; and if, on account of her illness, he could not prudently attend court to give his evidence, they should find for the defendant; or if at the time of forfeiture there was such serious illness in his family that he could not attend court, they should find for the defendant: and the plaintiffs have appealed to this court.
Note. The case of Slaughter v. Bmlwett, 3 Head, 344, was identical with the foregoing, but was decided upon the ]aw as it stood prior to the . adoption of the Code.
The act of 1794, ch. 1, sec. 29, required a witness to attend from term to term until discharged by the court, or by the party summoning him, under a penalty of $125 for failure, to be excused by the witness’s showing sufficient cause for his incapacity to attend.
This act was held to excuse only upon the ground of incapacity to attend, personal or physical.
But the Code, sec. 3822, does not require that personal or. physical incapacity or inability to attend court should be shown, to relieve the witness from, the forfeiture, but simply requires “ sufficient cause for failing to attend.”
It is not a slight indisposition of a member of the family that would excuse obedience to the subpoena, nor can the illness be made a pretext for a failure to attend. But if a man’s wife is .seriously or dangerously ill, so that his absence, from her might disturb or distress her, or his personal services to her are necessary at home, it would be a sufficient excuse for failing to attend, within the meaning of sec. 3822 of the Code.
The court, charged the jury that the defendant must satisfy them, by evidence, of the truth of the ■ defense: — that the burden of proof was upon him.
The jury found for the defendant, and we are of opinion that the evidence sustains the verdict.
Affirm the judgment